# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 12, 2012

No. 11-41200
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADOLFO PEREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-505-1

Before JOLLY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

At a border checkpoint, Adolfo Perez was found with approximately 3,800 pounds of marijuana hidden among boxes of produce in the trailer of his truck. A jury convicted him of possessing with intent to distribute more than 1,000 kilograms of marijuana, and he was sentenced to 144 months of imprisonment to be followed by five years of supervised release. He challenges his conviction, first arguing that the evidence was insufficient to establish that he knew the marijuana was in the trailer.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-41200

Perez preserved his sufficiency of the evidence argument; thus, our review is de novo. *United States v. Mudekunye*, 646 F.3d 281, 285 (5th Cir. 2011). We will uphold the jury's verdict if a reasonable juror could conclude from the evidence that the Government established all elements of the offense beyond a reasonable doubt. *Id.* We view the evidence and draw all reasonable inferences in the light most favorable to the verdict. *Id.* The jury may choose any reasonable construction of the evidence, and the evidence need not rule out every theory of innocence. *Id.* However, we will reverse if the evidence equally or nearly equally provided circumstantial support for theories of innocence and guilt. *United States v. Williams*, 602 F.3d 313, 315 (5th Cir. 2010).

The Government was required to prove that Perez knowingly possessed the drugs. § 841(a)(1); *United States v. Patino-Prado*, 533 F.3d 304, 309 (5th Cir. 2008). Because the drugs were hidden, the Government was required to produce additional circumstantial evidence, other than the mere presence of the drugs, to prove knowledge. *United States v. Ortega-Reyna*, 148 F.3d 540, 544 (5th Cir. 1998). Implausible and inconsistent statements can constitute proof of guilty knowledge. *Id.*

Perez testified that after picking up a load of perishable produce in Texas, he stayed in his truck overnight so that he could have sufficient time off to be able to transport his cargo to Memphis, Tennessee, and then to immediately transport another load to his hometown of Denver, Colorado. However, the jury could have found it implausible that Perez would waste the time and fuel—his trailer was refrigerated—waiting until the following morning to set out, especially because Perez had already had at least two nights and two days of downtime in Texas.

The jury also could have found implausible Perez's statement that the employees at the produce warehouse gave him the seal that was on his trailer when he arrived at the checkpoint. Warehouse employees testified that it was their practice to personally put the seals on trucks when requested and that they

2

did not give Perez a seal or put one on his truck. Moreover, the seal number did not appear on Evergreen's copy of the bill of lading and the seal did not resemble the type of seal used by the warehouse. As witness testimony and video evidence showed, Perez lied to agents when he told them that he spent the night in the warehouse parking lot. Significantly, at the time of trial, Perez changed his story, testifying that he spent the night at a truck stop, across the street from the warehouse.

Additionally, the three million dollar value of the drugs also suggests that Perez had guilty knowledge; as we have explained, it is unlikely that a drug smuggler would entrust such valuable cargo to an unsuspecting person. *See United States v. Villarreal*, 324 F.3d 319, 324-25 (5th Cir. 2003).

Other evidence also supported the finding that Perez knew he was transporting drugs. Video recordings and testimony from the warehouse workers confirmed that only produce was loaded in the trailer at the warehouse, and there was no evidence that anyone other than Perez had control of the trailer from the time it left the warehouse until the marijuana was found. In light of all of the evidence, it was reasonable for the jury to conclude that after the produce was placed in the trailer, Perez had marijuana loaded into the trailer at a different location and then placed a seal on the trailer. The jury was free to choose among reasonable constructions of the evidence and reject the defense offered by Perez. *See Mudekunye*, 646 F.3d at 285. Moreover, it was not required to accept Perez's explanations and was permitted to make its own assessment of the credibility of the witnesses. *See id.* at 286; *United States v. Casilla*, 20 F.3d 600, 602 (5th Cir. 1994).

Perez also argues that the Government failed to prove that he had knowledge of the type and quantity of the controlled substance that he possessed. As Perez acknowledges, however, this argument is foreclosed by *United States v. Betancourt*, 586 F.3d 303, 308-09 (5th Cir. 2009), which reaffirmed the holding in *United States v. Gamez-Gonzalez*, 319 F.3d 695, 700

No. 11-41200

(5th Cir. 2003), that knowledge of drug type and quantity is not an element of possessing with intent to deliver a controlled substance.

The judgment is AFFIRMED.